UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
YUHUA SHANG,                                  )
                                              )
          Plaintiff,                          )
                                              )
     v.                                       )   Civil Action No. 18-11067-LTS
                                              )
HOWARD HUGHES MEDICAL                         )
INSTITUTE, et al.,                            )
                                              )
          Defendants.                         )
                                              )

ORDER

May 30, 2018

SOROKIN, D.J.

Pro se litigant Yuhua Shang has filed a complaint in which she alleges that her former employers discriminated against her on the basis of gender and violated the Family Medical Leave Act. She has also filed an application to proceed without prepayment of fees or costs (also referred to as a motion for leave to proceed in forma pauperis) and a motion for the appointment of counsel. For the reasons set forth below, the Court denies both of these motions without prejudice.

**I.      Motion for Leave to Proceed in Forma Pauperis**

Under federal law, a person seeking to proceed in forma pauperis must submit an affidavit that includes "a statement of all assets such [person] possesses," showing that "the person is unable to pay such [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 355 U.S. 331, 339 (1948). Rather, the litigant must show that she cannot pay

the filing fee "and still be able to provide [her]self and dependents with the necessities of life." Id.

Shang submitted a statement of her assets using a form application provided by the Court. She indicates therein that she is self-employed but not receiving any profits therefrom. She also represents that she has been living "carefully" off her savings for the past six years after her employment was terminated, and that she currently has $818 in a banking account. Shang reports that her only other asset is a 401K account valued at approximately $34,000. With regard to her two minor children, the plaintiff states that, because she has almost no money left after living on her savings, she is "currently" not paying for their living expenses but that they "do depend on [her] support." Mot at 2.

Shang's financial affidavit does not provide the Court with an adequate understanding of her financial situation. It is unclear how she currently affords her basic life expenses and how her children are provided with the necessities of life. To the extent that Shang has access to the assets of a spouse, partner, or other individual, it is proper for the Court also to consider his or her financial position. See, e.g., Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" (quoting Williams v. Spencer, 455 F. Supp. 205, 208–09 (D. Md. 1978))); cf. Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000) (where litigant's spouse denied him access to her assets, decision whether to grant indigent status must be based on litigant's financial status alone).

For these reasons, the Court will deny without prejudice the motion for leave to proceed in forma pauperis. If Shang wishes to file a renewed motion for leave to proceed in forma

pauperis, she must submit a completed longer form application which elicits the financial information of both the litigant and the litigant's spouse. To the extent Shang has access to the assets of a spouse or partner, she shall provide that person's financial information in the column on the form designated for a spouse's information. The Court will provide this form to the plaintiff. Shang should, as needed, supplement the form to explain how she has access to the necessities of life (including housing, transportation, utilities, and food).

II.     **Motion for Appointment of Counsel**

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and the Court is required to find attorneys who will accept appointment as pro bono counsel. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers, 949 F.2d at 23.

The Court will deny without prejudice Shang's motion for appointment of counsel. Even if Shang had shown that she qualifies to proceed in forma pauperis, she has not shown that extraordinary circumstances exist that would justify the appointment of pro bono counsel. Shang may renew the motion once the defendants have been served with and responded to the complaint. Should she elect to file a renewed motion for counsel, the plaintiff should describe therein any efforts she has made to obtain counsel, including any attempts to engage an attorney willing to enter into a contingency fee agreement.

**III.     Order**

Accordingly:

1.     The motion for leave to proceed in forma pauperis is DENIED WITHOUT PREJUDICE.  Shang must, within thirty-five days, either pay the $400 filing fee or file a renewed motion for leave to proceed in forma pauperis in accordance with the instructions set forth above.  Failure to comply with this directive may result in dismissal of the action.  The Clerk shall provide Shang with a form Application to Proceed in District Court without Prepaying Fees or Costs (Long Form).

2.     The motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

SO ORDERED.

                                                              /s/ Leo T. Sorokin
                                                              UNITED STATES DISTRICT JUDGE